# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY BELL** | : | **MISCELLANEOUS ACTION** |
| | : | |
| v. | : | **NO. 18-148** |
| | : | |
| **ATH HOLDING COMPANY, LLC** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                          **July 16, 2018**

Following close of discovery in a complex ERISA putative class action pending in the Southern District of Indiana, the class representative now asks us to compel third party witness Vanguard Group, Inc. to reappear for a deposition held here for convenience reasons under a subpoena issued from the Southern District of Indiana for a deposition scheduled to occur in Indianapolis. The class representative's underlying case is a subject of several amended complaints, opinions, discovery rulings and expired discovery deadlines in Indiana. The same request is also now before the trial judge. While we are generally inclined under Fed.R.Civ.P. 45 to rule upon this request if the third party deposition occurred in our District, this case presents one of those extraordinary circumstances warranting transfer of the complex discovery issues to the trial judge. Any ruling we may make would affect the trial judge's ongoing diligent management of her docket after the close of discovery. In the accompanying Order, we transfer the lead Plaintiff's motion to the Clerk of the United States District Court for the Southern District of Indiana for assignment to the trial judge who continues to skillfully manage this complex putative class action.

**I.     Relevant facts adduced from briefs and public record.**

ATH Holding Company, an Indiana limited liability company located in Indianapolis, offered its employees and its subsidiaries' employees a 401(k) defined contribution pension benefit plan.[1] Anthem, Inc., an Indiana corporation located in Indianapolis, administered the pension plan through its subsidiaries.[2] ATH Holding is a subsidiary of Anthem.[3] The Pension Committee of ATH Holding is a named fiduciary under the Plan responsible for the administration and management of the Plan including the selection, monitoring, and removal of investment options available to participants.[4] In their Second Amended Complaint, the Plan participants refer to ATH Holding and Anthem together as "Anthem."

The Plan included eleven investment offerings from Vanguard.[5] Vanguard Group, Inc. served as the Plan's recordkeeper providing administrative services.[6] Vanguard Fiduciary Trust Company served as the Plan's trustee responsible for investing Plan assets and paying benefits and expenses.[7]

In their second amended complaint, Participants allege ATH Holding, its pension committee, and its board of directors, breached fiduciary duties of loyalty and prudence owed to the Participants by: (1) paying excessive investment management and administrative fees to Vanguard; (2) failing to properly investigate an investment option offered to Participants; and (3) failing to monitor the Plan fiduciaries. Participants sued ATH Holding Company, LLC, its board, and its pension committee in December 2015 in the United States District Court for the Southern District of Indiana. Participants seek to recover millions of dollars in excess fees.

The Honorable Tanya Walton Pratt in the Southern District of Indiana managed two and one-half years of litigation and ordered fact discovery closed on May 8, 2018 and dispositive motions filed by August 24, 2018. The deadline to move to compel discovery passed on April

2

30, 2018.[8] Between now and the scheduled February 2019 bench trial date, Judge Walton Pratt scheduled at least nine other pretrial deadlines.

During the past two-and-a-half years, Participants have three times amended their complaint, only to withdraw their third amended complaint and move forward on the second amended complaint.[9] In a seventeen page memorandum, Judge Walton Pratt granted in part and denied in part ATH Holding, its board, and the pension committee's motion to dismiss.[10] Participants' breach of fiduciary duty claims based on the payment on unreasonable investment management and administrative fees survived dismissal. Participants' breach of fiduciary duty claim based on the failure to monitor the Plan's fiduciaries survived dismissal in part. Judge Walton Pratt dismissed the breach of fiduciary duty claim based on the failure to investigate a particular investment option. To the extent the Participant's claims survived dismissal, Judge Walton Pratt found the claims to be timely.

In addition to litigating multiple motions to dismiss, the parties also asked Judge Walton Pratt to decide whether Participants have a right to a jury trial in a Section 502(a)(2) claim under ERISA. Following an analysis of Seventh Circuit and United States Supreme Court precedent, Judge Walton Pratt struck the Participants jury demand.[11] The parties have also fully briefed their motion and oppositions to certifying the class under Federal Rule of Civil Procedure 23. The motion to certify class is pending before Judge Walton Pratt.[12]

The parties have also litigated discovery disputes before Judge Walton Pratt. For example, Participants moved to compel unredacted versions of hundreds of documents produced by ATH Holding, its board, and the pension committee.[13] The Defendants redacted the documents claiming the redacted portion of the documents were irrelevant. Relying in-part on the fact she entered a protective order protecting the confidential nature of any redacted

information, Judge Pratt granted the motion and ordered ATH Holding, its board, and the pension committee produce unredacted versions of the documents.[14] In April 2018, ATH Holding, its board, and the pension committee moved to compel the production of Facebook messages between named plaintiffs regarding topics of the underlying litigation.[15] Participants argued the Facebook posts are not discoverable because the discovery order governing the litigation did not require the production of "instant messaging communications." In June 2018, Judge Walton Pratt granted in part and denied in part the motion to compel in a fourteen page order-memorandum.[16] Judge Walton Pratt analyzed issues of privilege and relevancy in the order-memorandum.

Our involvement arises from a discovery dispute arising in the midst of this vigorously litigated matter being carefully managed by Judge Walton Pratt. Consistent with Judge Walton Pratt's orders, Participants served Vanguard's registered agent in Indianapolis with a subpoena issued by the Southern District of Indiana to depose a corporate representative under Federal Rule of Civil Procedure 30(b)(6).[17] Participants noticed the deposition to take place on March 28 in Indianapolis.[18] After receiving the subpoena, Vanguard met and conferred with Participants regarding the time and location of the deposition and the noticed topics of the deposition.[19] Vanguard, through its national reach, commonly litigates motions to compel as a nonparty in districts across the country. For the convenience of Vanguard, Participants issued a second notice of deposition scheduling the deposition for May 8, the last day of fact discovery, to be held in our District. It appears the Participants are still proceeding under the original subpoena.

On May 8, 2018, Participants deposed George Hemming, Vanguard's designated corporate representative, in Philadelphia. Participants claim Mr. Hemming arrived at the deposition unprepared to testify on noticed topics and Vanguard's counsel improperly instructed

4

Mr. Hemming not to answer questions on topics including Vanguard's policies and practices and Mr. Hemming's communications with other Vanguard employees in preparing for the deposition.

Through counsel not admitted in this District, Participants initiated this miscellaneous action moving to compel Vanguard to reproduce a corporate representative who is prepared to testify on noticed topics.[20] They also move to compel asking us to evaluate relevance and discovery issues relating to the ongoing case in Indiana. This motion to compel comes just two weeks after Judge Walton Pratt last addressed a discovery dispute in the underlying litigation. Participants unilaterally filed this miscellaneous action under seal.

One day before moving to compel in our District, Participants moved for leave to file the same motion to compel in the Southern District before Judge Walton Pratt.[21] To our knowledge, Participants are now asking two federal courts to rule on the same request. In the motion for leave before Judge Walton Pratt, Participants claim Mr. Hemming arrived unprepared to testify to noticed topics and Vanguard's counsel improperly instructed Mr. Hemming not to answer certain questions. Participants argue the motion should be granted because (1) Mr. Hemming's deposition took place on the last day of fact discovery, leaving no time to take a second deposition before the fact discovery deadline; (2) Vanguard will not be prejudiced; (3) the parties attempted to resolve the dispute for several weeks; (4) Participants acted in good faith by attempting to schedule Mr. Hemmings' deposition long before the close of fact discovery. Participants also informed Judge Walton Pratt they concurrently filed the motion to compel in our District.

5

## II. Analysis

We entered a rule to show cause asking Participants, the named Defendants, and nonparty Vanguard why we should not (1) lift the unilateral seal consistent with our court of appeals' guidance beginning with *Pansy v. Borough of Stroudsburg*[22] and (2) transfer the motion to the Southern District of Indiana which issued the subpoena at issue for a deposition in its District or summarily deny the motion to compel as the attorney moving to compel is not licensed to practice in our District.[23] We ordered Participants immediately serve Vanguard with our rule to show cause.[24]

In response, Participants argue we should transfer their motion to compel to the Southern District of Indiana under Federal Rule of Civil Procedure 45(f). Participants argue: (1) Vanguard would not be burdened by the transfer because it is a sophisticated entity with resources to litigate the dispute in the Southern District; (2) the underlying litigation is complex and the Southern District is best suited to assess the merits of the discovery dispute; and, (3) the Southern District has an interest in timely resolving the discovery dispute without adjusting the parties' upcoming pretrial deadlines.

Vanguard argues against transfer to Indiana arguing Rule 45 requires the motion to compel be ruled on in our District. Vanguard argues the Participants have failed to show exceptional circumstances warrant transfer under Rule 45(f) because: (1) the Southern District has not ruled on and will likely not face similar discovery issues presented in the motion to compel in multiple districts; (2) Vanguard is at home in our District and our District is best suited to review Vanguard's discovery disputes arising from matters similar to this litigation; and, (3) requiring Vanguard to litigate its discovery disputes in districts across the country would be burdensome and result in inconsistent rulings on similar discovery issues.

### A. Participants show exceptional circumstances under Fed. R. Civ. P. 45(f) requiring we transfer its motion to compel to the Southern District of Indiana.

Under Federal Rule of Civil Procedure 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The proponent of transfer bears the burden of showing exceptional circumstances.[25] The Southern District of Indiana, not our District, issued the subpoena which we are asked to review. Despite this fact and the presence of an existing motion before Judge Walton Pratt, Vanguard does not consent to our transfer of the motion to compel to Judge Walton Pratt.

The Advisory Committee Notes to Rule 45 provide when determining whether exceptional circumstances exist, the "prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions."[26] But the Advisory Committee Notes further explain transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation."[27] The Advisory Committee Notes provide the examples of when the issuing court has already ruled on the same issues presented by the motion or the same issues are likely to arise in discovery in many districts.[28] In such instances, transfer to the issuing court is warranted to ensure uniformity of result.

Apart from avoiding disruption in the issuing court's management of the underlying litigation, we may also consider the complexity of the underlying litigation.[29] Transfer is appropriate only if the interests favoring transfer outweigh the interests of the local nonparty served with the subpoena in obtaining a local resolution of the motion.[30]

### 1. At worst, Vanguard faces a slight burden litigating this motion to compel in the Southern District.

Participants argue Vanguard is not prejudiced or burdened by litigating this discovery dispute in the Southern District because it is a sophisticated entity represented by national counsel. Vanguard responds it already faces a heavy burden and cost of litigating discovery disputes in districts across the country and transfer of this motion out of its home District only increases this burden.

The potential burden on Vanguard if this discovery issue is transferred to the Southern District of Indiana is slight at worst. It is already before Judge Walton Pratt who has already set discovery parameters. To ready the discovery dispute for our review or Judge Walton Pratt's review in the Southern District, Vanguard simply needs to submit its opposition to the motion to compel.

Similar to the lack of extensive travel and minimal cost required for Participants to move to compel discovery in our District, filing its opposition in the Southern District of Indiana will not require out-of-state travel or undue expense for Vanguard.[31] In *Meijer Inc. v. Ranbaxy*, Judge Beetlestone explained transferring a motion to compel to the issuing court resulted in only a slight burden to the local party partially because litigating the motion to compel in the issuing court did not require out-of-state travel.[32] Judge Beetlestone emphasized litigating the discovery dispute could be done entirely remotely and if oral argument would be necessary on the motion, argument could be made by telephone or video conferencing.[33] As in *Miejer*, both our District and the Southern District of Indiana allow for electronic document filing. To the extent Judge Walton Pratt would require oral argument to resolve this discovery dispute, Participants or Vanguard may request it make argument over the telephone or video conferencing.[34]

Vanguard faces a slight burden at worst in litigating this motion in the Southern District which issued the subpoena. Vanguard's admission it already litigates discovery disputes in districts across the nation weighs in favor of finding only a slight burden against it in litigating this discovery dispute in the Southern District.[35] Further, Vanguard's discovery disputes arising out of litigation different from the underlying Southern District litigation have no bearing on whether transfer is proper under Rule 45(f). We appreciate Rule 45 seeks to minimize burdens on local parties, but Vanguard already faces an insignificant burden in litigating this motion to compel arising from a subpoena issued and served in the Southern District arising out of litigation pending in the Southern District.

### 2. Transfer to the Southern District of Indiana is necessary to avoid disrupting Judge Walton Pratt's trial management of this complex litigation given the imminent deadlines.

Participants argue transfer is necessary to avoid disruption in Judge Walton Pratt's management of the underlying litigation. Participants explain with fact discovery now closed, an extension in the fact discovery period could impact the parties' ability to comply with other imminent pretrial deadlines. Participants argue Judge Walton Pratt is in the best position to determine how to proceed in light of the remaining upcoming pretrial deadlines. Vanguard argues Participants cannot show a disruption to the underlying litigation because Rule 45 requires a movant show the issuing court has addressed the same discovery issue or will likely face the same discovery issue in multiple districts. Vanguard argues Judge Walton Pratt has not address similar discovery issues in the past and will not face the same discovery issue in multiple districts in the future.

Citing *Garden City Emps. Retirement Sys. v. Psychiatric Solutions, Inc.*,[36] Vanguard argues transfer is improper because Participants cannot show disruption of the issuing court's

9

management of the underlying litigation. In *Garden City*, Judge Sánchez declined to transfer a motion to quash under Rule 45(f) because the movant failed to show the issuing court has ruled on similar discovery issues or will likely face on similar discovery issues from multiple districts, and therefore failed to show exceptional circumstances through a disruption of the issuing court's management of the underlying litigation.[37] *Garden City* does not stand for the proposition a court may not transfer under Rule 45(f) absent evidence the issuing court has ruled on the same issue or will likely face the same issue from multiple districts. *Garden City* relied on the Advisory Committee Notes in declining to transfer. The Advisory Committee Notes include the means cited by Vanguard as a way of showing disruption of the issuing court's management of the underlying case. But the Advisory Committee's discussion of whether an issuing court has or may face similar discovery issues is just one example of disrupting the issuing court's management of the case. It is not the only way to disrupt the issuing court's management of the underlying litigation.

For example, in *Parks, LLC v. Tyson Foods, Inc.*, the court transferred a motion to compel to the issuing court because the risk of interfering with the issuing court's scheduling order and discovery cut-off date by keeping the motion outweighed the slight burden against the local party in litigating in the issuing court's jurisdiction.[38] The court also highlighted the fact the same movants moved to compel the same discovery against the local party in the underlying litigation.[39]

Unlike in *Garden City*, Participants demonstrated a risk of disruption of Judge Walton Pratt's management of the underlying litigation because the fact discovery deadline in the underlying litigation has passed and the dispositive motion deadline (although recently extended) is quickly approaching. As in *Parks, LLC*, transfer to the Southern District is proper to avoid

10

disruption of the discovery cut-off date and impending pretrial deadlines. Also as in *Parks, LLC*, Participants filed a motion for leave to file the same motion to compel in the Southern District before Judge Walton Pratt. The fact discovery deadline set by Judge Walton Pratt passed on May 8, 2018.[40] The deadline for Participants to move to compel discovery passed on April 30, 2018.[41] The parties face an upcoming summary judgment motion deadline recently extended.[42] If Participants' motion to compel is granted, we would be allowing fact discovery beyond Judge Walton Pratt's ordered deadline. Allowing fact discovery to continue beyond Judge Walton Pratt's deadline in light of the parties' imminent dispositive motion deadline and of Judge Walton Pratt's busy trial schedule could seriously risk Judge Walton Pratt's management of the case. Between now and the parties' scheduled February 2019 bench trial date, Judge Walton Pratt scheduled at least nine pretrial deadlines. Judge Pratt must also rule on the motion to certify a class.

To avoid risk of disrupting Judge Walton Pratt's pretrial schedule and management of the case, transfer to the Southern District of Indiana is necessary. Judge Walton Pratt is in the best position to determine whether or how long to extend fact discovery in light of the parties' pretrial deadlines. Judge Walton Pratt is also best positioned to determine whether Participants may seek to compel discovery beyond her April 30 deadline. This factor weighs in favor of transfer.

### 3. The complexity of the underlying litigation weighs in favor of transfer to Judge Walton Pratt.

Participants argue transfer to the Southern District is proper because of the complexity of the underlying litigation. Participants argue Judge Walton Pratt is best suited to review relevancy and discovery disputes in this complex ERISA class action litigation pending in the Southern District of Indiana since 2015. Vanguard argues the underlying litigation does not present complexities our District is incapable of addressing.

11

The complexity of the underlying action favors transfer to the Southern District of Indiana. Participants sued in December 2015. The underlying litigation is a complex class action dispute centered around alleged breach of fiduciary duties committed by plan administrators of a 401(k) defined contribution plan. Participants allege the administrators breached fiduciary obligations by paying excessive administrative and investment management fees to Vanguard; failing to properly monitor the investment options offered to Participants; and failing to monitor the Plan's fiduciaries. The parties have vigorously litigated numerous disputes involving jury demands, sufficiency of the pleadings, and multiple discovery disputes.

Vanguard cites *CMB Expert, LLC v. Atteberry*,[43] from the Northern District of Texas, arguing the fact the underlying litigation is a "fairly complex" case does not present an exceptional circumstance under Rule 45 warranting transfer. In *CMB Expert*, the court explained complexity coupled with the fact "tangentially related motions" were pending in another district did not warrant transfer of a motion to quash.[44] In *Meijer*, Judge Beetlestone found the complex nature of an underlying litigation coupled with the issuing court's "focused management of the matter" evidenced through the court's detailed pretrial scheduling order supported transfer to the issuing court.[45] In *United States ex rel. Simpson v. Bayer Corp.*, the Chief Judge Stengel found the complexity of the underlying action favored transfer of a motion to quash.[46] Chief Judge Stengel explained the complexity of the underlying litigation gave rise to "highly specific" and "nuanced" categories of information sought in the discovery request, which would be best addressed by the issuing court.[47]

Vanguard may be correct complexity of the underlying litigation alone without a risk of disruption of the issuing court's management of the underlying litigation may not rise to the level of exceptional circumstances. But here, as in *Meijer*, the complex nature of the underlying

12

litigation combined with the procedural posture of the case warrants our transfer to the Southern District of Indiana.[48] Our resolution of the discovery dispute creates a substantial risk of running against Judge Walton Pratt's discovery deadline and disrupting Judge Walton Pratt's long established pretrial deadlines. Judge Walton Pratt will also be able to consider whether other impending pretrial deadlines need adjustment, if she finds an extension of the fact discovery deadline appropriate. Judge Walton Pratt has also reviewed relevance and confidentiality in the context of this complex matter. Also as in *Simpson*, the discovery sought in Participants' motion to compel is highly specific and complex. For example, Participants seek information regarding Vanguard's "eligibility criteria for lower cost but otherwise analogous investment options and its practice of varying from those criteria" and "circumstances under which Vanguard deviated from its default eligibility guidelines." In support of their request, Participants argue "in light of the witness' testimony that [] record-kept clients of Vanguard, like Anthem were not generally eligible for institutional shares (pursuant to some purposed unwritten preference), but certain unarticulated exceptions were negotiated (pursuant to vaguely described practice), Plaintiffs were entitled to explore Vanguard's practices in offering lower cost options to similar plans."[49] The Southern District, having presided over the underlying litigation for the past two-and-a-half years, is best suited to assessing the merits of these "highly specific" and "nuanced" discovery requests. This factor weighs in favor of transfer.

### B. Rule 45 does not require our District become Vanguard's clearinghouse for its discovery disputes pending throughout the country.

Vanguard argues we should not transfer to the Southern District of Indiana because it is at home here and our District could provide a single forum for resolving discovery disputes involving Vanguard, in its role as recordkeeper for retirement plans, in unrelated actions pending

13

across the country. Vanguard cites to a miscellaneous action it recently filed in our District where Vanguard moved to quash a subpoena in a litigation surrounding its management fees.

It is not our role to serve as a clearinghouse for Vanguard's discovery disputes pending in districts across the country just because similar issues are presented. The transfer analysis under Rule 45(f) is a fact specific case-by-case analysis. We appreciate Vanguard faces litigation potentially across the nation through its national profile. But we only assess whether this miscellaneous action is best addressed in our District or before Judge Walton Pratt in the Southern District of Indiana. We have no basis to conclude our District is the appropriate forum in every discovery dispute between retirement plan participants and nonparty Vanguard.

### III. Conclusion

The insignificant burden imposed on Vanguard in litigating this motion to compel in the Southern District of Indiana is outweighed by the risk of interrupting Judge Walton Pratt's management of this complex ERISA class action litigation.[50] We transfer this miscellaneous action to the Southern District of Indiana to review the subpoena issued from there as part of the long pending pre-existing case guided by Judge Walton Pratt's continuing diligent management.

---

[1] ECF Doc. No. 1-8 at p. 7.

[2] *Id.* at p. 6.

[3] *Id.* at p. 7.

[4] *Id.* at p. 7.

[5] *Id.* at p. 9.

[6] *Id.* at p. 11.

14

[7] *Id.* at p. 11.

[8] Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 142 (Apr. 17, 2018).

[9] Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 107 (Aug. 21, 2017).

[10] Entry on motion to dismiss, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 80 (Mar. 23, 2017).

[11] Entry on Defendants' motion to strike jury demand, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 46 (Aug. 1, 2016).

[12] Motion to certify class, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 117 (Nov. 10, 2017).

[13] Motion to enforce and compel production of documents, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 66 (Sept. 26, 2016).

[14] Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 73 (Nov. 9, 2016).

[15] Defendants' motion to compel production of certain documents, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 143 (Apr. 27, 2018).

[16] Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 154 (Jun. 14, 2018).

[17] ECF Doc. No. 1-1 at pp. 2-8.

[18] *Id.*

[19] ECF Doc. No. 1 at p.4.

[20] Following our rule to show cause, Participants retained counsel admitted in this District and Vanguard does not object to proceeding on a motion filed by a lawyer not permitted to move for relief in this District. Given the necessity to allow the parties to move forward and our findings today, we will consider the Participants' motion with admitted counsel.

[21] Motion for leave to file motion to compel out of time, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 155 (Jun. 28, 2018).

[22] 23 F.3d 772 (3d Cir. 1994). Given the transfer and Judge Walton Pratt's knowledge of the underlying issues, we will not rule on whether the parties can unilaterally seal or redact

documents to preclude public access including several documents which the parties agree should not be sealed.

[23] ECF Doc. No. 3.

[24] *Id.*

[25] Fed. R. Civ. P. 45 Advisory Committee Notes on 2013 Amendments.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *See Meijer Inc. v. Ranbaxy Inc.*, No. 17-91, 2017 WL 2591937, at *3 (E.D. Pa. Jun. 15, 2017); *United States ex rel. Simpson v. Bayer Corp.*, No. 16-207, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016).

[30] Fed. R. Civ. P. 45 Advisory Committee Notes on 2013 Amendments.

[31] *See Meijer Inc.*, 2017 WL 2591937, at *2-3.

[32] *Id.*

[33] *Id.*

[34] *See id.*; *Simpson*, 2016 WL 7239892, at *3.

[35] ECF Doc. No. 9 at p. 4-6.

[36] No. 13-238, 2014 WL 272088 (E.D. Pa. Jan. 24, 2014).

[37] *Id.* at * 3.

[38] No. 15-634, 2015 WL 5008255 (W.D. Pa. Aug. 20, 2015).

[39] *Id.* at * 2.

[40] Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 140 (Apr. 11, 2018).

[41] Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 142 (Apr. 17, 2018).

⁴² Order, *Bell, et al. v. ATH Holding Co., LLC, et al.*, No. 15-2062, ECF Doc. No. 115 (Nov. 06, 2017).

⁴³ No. 14-51, 2014 WL 2197840 (N.D. Tex. May 27, 2014).

⁴⁴ *Id.* at * 2.

⁴⁵ *See Meijer Inc.*, 2017 WL 2591937, at *2-3.

⁴⁶ No. 16-207, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016).

⁴⁷ *Id.*

⁴⁸ *See Meijer Inc.*, 2017 WL 2591937, at *2-3.

⁴⁹ ECF Doc. No. 1 at p. 13.

⁵⁰ *See Parks, LLC v. Tyson Foods, Inc.*, No. 15-634, 2015 WL 5008255, at *2 (W.D. Pa. Aug. 20, 2015).